# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**GEORGE GALLEGOS,**

    **Plaintiff,**

v.                                          Case No. 15-CV-00638 KBM/KK

**RICHARD GALLEGOS, and JASON GALLEGOS,**
**in their individual capacities, and**
**THE CITY OF ESPANOLA,**

    **Defendant.**

## ANSWER TO COMPLAINT

COME NOW, Defendants Richard Gallegos, Jason Gallegos, and the City of Espanola, by and through their counsel of record, Basham & Basham, P.C. (Mark A. Basham and Peter A. Dwyer) and hereby answers the complaint as follows:

### I.    Introduction

1. Defendants admit that George Gallegos is 47, that he was involved in an incident on February 21, 2014, that Defendants Trujillo and Gallegos drove police units to the site of the incident, that Defendants had no warrant to arrest Plaintiff, that Defendants Trujillo and Gallegos were dispatched to the scene and got out of their cars, and that defendant was transported to his house. Defendants deny the remainder of the allegations.

### II.    Jurisdiction and Parties

1. Admitted.

2. Defendants admit that the parties reside or do business in New Mexico and are without sufficient information as to the truth of the remaining allegations and therefore deny the allegations and demand strict proof of the same.

3. Denied.

4. Defendants are without sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof of the same.

5. Defendants admit that the City of Espanola is a municipality under the laws of New Mexico.

6. Admitted.

7. Defendants admit that the City of Espanola is responsible for the operations of its police department and deny all remaining allegations.

9. [sic] Defendants admit that Richard Trujillo has been employed by the City of Espanola as a police officer and deny the remaining allegations.

10. Defendants admit that Jason Gallegos has been employed by the City of Espanola as a police officer and deny the remaining allegations.

### III. Fact Allegations

11. Defendants are without sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof of the same.

12. Defendants admit that Richard Trujillo and Jason Gallegos drove police units so the scene of the incident and got out of their police units. Defendants admit that they had no warrant for Plaintiff's arrest. The remaining allegations are denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendants admit that Plaintiff was transported up the street to a residence at his request. Defendants admit that Plaintiff was handcuffed for officer safety. Defendants deny the remaining allegations.

17. Denied.

18. Defendants admit that the Richard Trujillo and Plaintiff walked across the street and discussed the incident. The defendants deny the remaining allegations.

19. Defendants are without sufficient information to admit or deny the allegations and therefore deny the allegations and demand strict proof of the same.

20. Denied.

21. Denied.

### IV. Constitutional Claims

22. The allegation incorporates prior allegations and does not require an additional response. To the extent an additional response is deemed necessary the allegations are denied.

23. Denied.

24. Denied.

25. Denied.

### V. Unreasonable Force Claim

26. The allegation incorporates prior allegations and does not require an additional response. To the extent an additional response is deemed necessary the allegations are denied.

27. Denied.

### VI New Mexico Tort Claims

28. The allegation incorporates prior allegations and does not require an additional response. To the extent an additional response is deemed necessary the allegations are denied.

29. Denied.

30. Denied.

## Battery

31. The allegation incorporates prior allegations and does not require an additional response. To the extent an additional response is deemed necessary the allegations are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## VI. [sic] Municipal Liability Claim

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41 Denied.

42. Defendants admit that they did not interview Nicole Mascarenas or Plaintiff's stepchildren. The remaining allegations are denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Defendant breached no duty owed to Plaintiff.

3. The Defendant's activities were lawful, in good faith and in the exercise of governmental functions.

4. At all times relevant hereto, the Defendant's actions were reasonable, proper and constitutional.

5. If Plaintiff suffered any injury and damages, such were unavoidable and not caused by the Defendant.

6. Any detriment or damages allegedly suffered by the Plaintiff was due to and caused by Plaintiff's own acts and conduct.

7. Plaintiff failed to take reasonable action to avoid, mitigate or prevent the alleged injury or damage.

8. The Defendant law enforcement officers were, at all times relevant hereto, duly qualified, appointed and acting law enforcement officers and at all times relevant hereto were engaged in the performance of their regularly scheduled duties as law enforcement officers.

9. The Defendant law enforcement officers are not liable for their acts or omissions while exercising due care in the execution or enforcement of the law.

10. Plaintiffs have failed to comply with the provisions of the New Mexico Tort Claims Act, which bars recovery.

11. Plaintiffs' Complaint is barred by sovereign immunity.

12. Defendant law enforcement officers are not liable for any injury resulting from their acts or omissions where the acts or omissions were the result of the exercise of discretion vested in them as law enforcement officers.

13. The force, if any, used on Plaintiff was reasonable and necessary under the circumstances.

14. Plaintiff has failed to allege, nor can he prove, participation in ratification of, or acquiescence by, the governmental City Defendant Espanola in the actions of the Defendant law enforcement officers. As such, Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. §1983.

15. The doctrine of *respondeat superior* is not an adequate basis for liability of the governmental entity City Defendant Espanola under 42 U.S.C. §1983.

16. Plaintiff has failed to allege, and cannot prove, an "affirmative link" between the alleged incidents of misconduct by the Defendant law enforcement officers and an express or implied directive or operating procedure of the City of Espanola.

17. Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, the Defendant is not liable for exemplary or punitive damages.

18. If required to defend, the individual Defendants are entitled to qualified immunity.

19. Defendant reserves the right to add additional affirmative defenses as discovery takes place or the individual Defendants are served and required to defend.

**WHEREFORE**, the Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice and for such other and further relief that the Court deems appropriate.

Respectfully submitted,

Basham & Basham, P.C.

*/s/ Mark A. Basham*
Mark A. Basham
Peter Dwyer
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of August, 2015, I filed the foregoing *Answer to Complaint* electronically through the CM/ECF System, which caused a copy to be electronically delivered to all counsel of record.

*/s/ Mark A. Basham*
Mark A. Basham