IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE GALLEGOS

        Plaintiff,

v.                                                                                        Civ. No. <u>RB-KK___</u>

RICHARD TRUJILLO and JASON
GALLEGOS, in their individual capacities, and
THE CITY OF ESPANOLA,

        Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on October 8, 2015 attended by:

Richard Rosenstock, Esq. for Plaintiff

Peter Dwyer, Esq. for Defendants Trujillo, Gallegos, and City of Espanola

## NATURE OF THE CASE

Plaintiff brings this action pursuant to 42 U.S.C. §1983 for the violation of his Fourth Amendment right to be free from unreasonable seizure of his person, including his right to be free from unreasonable force. He also brings state law claims for assault, battery, false imprisonment, false arrest and violation of his state constitutional rights pursuant to the New Mexico Tort Claims Act.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: At this time, Plaintiff does not intend to join additional parties but reserve the right to do so should discovery support such joinder.

Plaintiff(s) should be allowed until December 19, 2015, to move to amend the pleadings and until December 19, 2015 to join additional Defendants in compliance with the requirements of Fed. R. Civ. P. 15(a).

1

Defendant intends to file: Motion to Dismiss and Motion to Bifurcate the Trial.

Defendants(s) should be allowed until January 19, 2016, to move to amend the pleadings and until January 19, 2016, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Defendants Trujillo and Gallegos were employed by Defendant City of Espanola as police officers and on February 21, 2014, were acting under color of law and in the course and scope of their duties as law enforcement officers.

2. Defendant City of Espanola is a governmental entity in the State of New Mexico and was responsible for the hiring, training, supervision and discipline of Defendants Trujillo and Gallegos.

3. During the morning of February 21, 2014, Defendants Trujillo and Gallegos detained Plaintiff.

4. Defendants had no warrant to seize or search Plaintiff.

5. Defendants Trujillo and Gallegos handcuffed Plaintiff with his hands behind his back during the detention.

6. Defendants conducted a pat down search of Plaintiff. No weapons were found.

7. Plaintiff was placed into the back of a police unit while he was handcuffed.

8. Defendants transported Plaintiff in the police car from the school bus stop area where he had been to his residence.
9. Plaintiff was not charged with a crime.

The parties further stipulate and agree that the law governing the Section 1983 claims is federal law and that New Mexico law governs the state law claims.

## **PLAINTIFF'S CONTENTIONS:**

Plaintiff, then 47 years of age is a totally disabled person. He has a metal rod in one leg that runs from his hip to his knee and it is obvious that he is disabled. Plaintiff contends that Defendants Trujillo and Gallegos violated his Fourth Amendment rights on February 21, 2014, when Defendants, acting without a warrant, seized him while he was waiting at a school bus stop with his son and step-daughter for the bus to come. Plaintiff contends the manner in which the seizure was conducted, which involved forcibly handcuffing him with his hands behind his back, placing him inside a police unit and then driving him away from where he was standing with his children to his house, was unreasonable because Defendants had no lawful basis to treat him in the manner they did. Plaintiff further contends that Defendants also violated his Fourth Amendment rights by using unreasonable force while they handcuffed him. He contends the conduct of Defendants Trujillo and Gallegos was not objectively reasonable under the totality of the circumstances.

Plaintiff contends that after he sent a letter to the Defendant City of Espanola on March 10, 2014, setting forth the alleged unlawful conduct of Defendants Trujillo and Gallegos. Defendants Trujillo and Gallegos, who had not prepared police reports despite having used force against Plaintiff, attempted to cover up their misconduct by presenting reports to Chief Garcia

3

that were replete with false statements of fact and which omitted material facts.

Plaintiff further allege that Defendant City of Espanola failed to provide proper training to its subordinate officers regarding search and seizure law, the treatment of disabled individuals, including the use of force and handcuffs on such persons and on citizens in general. Plaintiff also contends that Defendant City of Espanola failed to properly supervise and/or discipline its subordinate officers, that this included a failure to institute and/or adhere to an adequate internal affairs process, and that Defendant City of Espanola maintained an unwritten custom and practice that permitted or condoned the unlawful seizure of citizens and/or the use of unreasonable force against citizens. The maintenance of this custom created an atmosphere where EPD officers felt they could violate the rights of citizens with impunity. Plaintiff alleges the above-described conduct was a direct cause of the injuries suffered by him herein.

Plaintiff alleges the above-described conduct violated his Fourth Amendment rights and constituted an unlawful seizure, false imprisonment, false arrest, and battery under New Mexico law.

As a result of the acts and omissions of the Defendants, Plaintiff suffered serious and continuing painful physical injuries, required surgery on his shoulder, incurred and continues to incur medical bills and expenses. Plaintiff suffered and continues to suffer severe physical pain and suffered severe humiliation and embarrassment. Plaintiff seeks compensatory damages for those injuries. Because of the egregious nature of the conduct of the individual Defendants, Plaintiff seeks punitive damages against them.

**DEFENDANT'S CONTENTIONS**

Defendants contend that the Plaintiff was violating the law and putting the public at risk

on the morning of February 21st, 2014. Police were dispatched to the scene due to erratic and suspicious behavior of the Plaintiff including making obscene gestures at passing vehicles, standing in the roadway and throwing rocks at passing vehicles. Upon arriving the officers were approached by Plaintiff who refused to remove his hands from his pockets. The officers restrained Plaintiff because he posed a risk to their safety when he failed to show his hands during the initial encounter. The officers spoke to Plaintiff and asked him to report any traffic violations rather than assaulting the drivers of the cars. He admitted to having engaged in illegal conduct and agreed to refrain from the misconduct in the future. He was driven back to his house as an accommodation by the Police with whom he was both friendly and cooperative. He showed no sign of any injury at the time of the incident and did not complain or report any abuse or misconduct by any of the Defendants. Defendant suffered no damages as a result of the incident and is merely attempting to collect damages on his pre-exiting condition.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiffs' Witnesses:**
1. George Gallegos., c/o Richard Rosenstock, 1121 Paseo de Peralta, Santa Fe, New Mexico. Plaintiff will testify regarding the incident at issue, his disability, and the

damage he allegedly suffered and continues to suffer.

2. Defendant Richard Trujillo c/o Peter Dwyer, Esq. will testify regarding his knowledge of the incident.

3. Defendant Jason Gallegos c/o Peter Dwyer, Esq. will testify regarding his knowledge of the incident.

4. Jonica Armijo, Espanola, New Mexico. She may testify regarding her knowledge of the incident at issue.

5. Americo Medina, Railroad Avenue, Espanola, New Mexico. He may testify regarding his knowledge of the incident at issue.

6. Rebecca Yanez, Railroad Avenue, Espanola, New Mexico. She may testify regarding her knowledge of the incident at issue.

7. Noel (last name unknown). PO Box 74 Santa Cruz, New Mexico. He may testify regarding his encounter with Defendant Trujillo.

8. Nicole Mascarenas, Espanola, New Mexico. She may testify regarding what occurred after Plaintiff was driven from the scene of the incident at issue.

9. Santiago Gallegos, he may testify regarding his knowledge of the incident at issue.

10. Concerta Medical Provider who treated Plaintiff on February 21, 2014, after the incident at issue.

11. Eric Garcia c/o Peter Dwyer, Esq. may testify regarding Espanola Police Department policies and procedures.

12. Emilio Randall, Espanola, New Mexico. He may testify about his July 2013, encounter with Espanola Police officers when Defendant Trujillo and others used unreasonable force when they handcuffed and otherwise seized him. Mr. Randall may also testify

about the tort claim notice he filed and the lack of any adequate internal investigation.

13. Stella Randall, Espanola, New Mexico. She may testify about her July 2013, encounter with Espanola Police officers when Defendant Trujillo and others used unreasonable force when they seized her husband and when they handcuffed and otherwise seized her. Mrs. Randall may also testify about the tort claim notice he filed and the lack of any adequate internal investigation.

14. Billy Jones, Espanola, New Mexico. He may testify about the use of unreasonable force against him during 2010 when he was handcuffed and seized by several Espanola City police officers, including Danny Pacheco.

15. Eppie Montoya, Espanola, New Mexico. He may testify about the use of unreasonable force applied to him on March 19, 2013, when he was tasered and handcuffed by Espanola Police officer Danny Pacheco.

16. Tegra Donnelly, Espanola. He may testify about the February 15, 2014, use of unreasonable force by several Espanola Police officers, including Victor Grossetete, when he was seized by those officers.

17. Dr. Herbert Rachelson, Espanola, New Mexico. Dr. Rachelson has been Plaintiff's treating physician since shortly after the incident. He may testify about the arm/shoulder injury suffered by Plaintiff and his treatment of that injury. Dr. Rachelson may also testify that the injury he treated was either caused by or aggravated by the trauma Plaintiff suffered on February 21, 2014.

18. Other doctors and physical therapists who have treated Plaintiff for the injuries to his left arm and shoulder and neck suffered in the incident at issue.

19. All individuals Defendants identify as witnesses in the Joint Status Report.

**Plaintiffs' Exhibits**:

Plaintiff may offer the following exhibits into evidence:

1. Espanola Police Department Standard Operating Procedures.

2. March 10, 2014, letter from Richard Rosenstock to Eric Garcia

3. Report prepared by Richard Trujillo about the incident.

4. Report prepared by Jason Gallegos about the incident.

5. CAD reports from February 21, 2014.

6. CAD reports for the three months prior to February 21, 2014, that mention Plaintiff or that refer to a male on Railroad Avenue bothering motorists

7. Any audio or videotapes of the incident in the possession of Defendants.

8. Audio recordings of radio calls concerning the incident at issue.

9. Audio recordings that mention any person being present on Railroad Avenue in Espanola, New Mexico.

10. Medical records concerning Plaintiff's treatment, including physical therapy records.

11. Medical bills concerning Plaintiff's treatment.

12. Documents evidencing Plaintiff's disability.

13. Tort claim notices and civil lawsuits alleging unlawful seizure, unreasonable force, assault and battery or false imprisonment filed against Espanola Police officers.

14. Any exhibit revealed and/or yet to be revealed in discovery.

15. Any exhibit identified by Defendants.

**Plaintiffs Expert Witnesses:**

Plaintiff will identify his expert witnesses in a timely manner as set forth in the Provisional Discovery Plan.

Defendants' Witnesses:

1. Richard Trujillo, c/o Defendant's counsel will testify regarding the incident and all allegations and defenses set forth in the pleadings.

2. Jason Gallegos, c/o Defendant's counsel, will testify regarding the incident and all allegations and defenses set forth in the pleadings.

3. Marti Griego, Director, Espanola/ Rio Arriba E-911 Center, 405 N. Paseo de Onate, Espanola NM 87532, may testify regarding policies procedures, and records of the Dispatch center. Specific employees may be identified to authenticate any records and recordings introduced as evidence.

4. As yet unidentified employees of the Head Start facility who may have witnessed the events preceding the incident and the incident.

5. As yet unidentified callers to the E-911 dispatch center regarding the actions of Plaintiff prior to the incident.

6. Any witness listed by Plaintiff in the JSR/PDP or subsequently identified during discovery.

Defendants' Exhibits:

1. Uniform Incident Reports and incident narratives of Jason Gallegos and Richard Trujillo.

2. Espanola/Rio Arriba E-911 Dispatch Center policies and procedures.

3. Medical records and History of Plaintiff.

4. Tax records and filings of Plaintiff.

5. Educational records of Plaintiff.

6. Criminal records of Plaintiff.

7. Driving records of Plaintiff.

8.	Marital and adoption records and other documents establishing any legal relationship between Plaintiff and any third party either witnessing the incident or claiming damages relating to the incident.

9.	Any toxicology or blood screening reports regarding Plaintiff.

10.	Any exhibit listed in the JSR/PDP by Plaintiff or discovered during discovery.

Defendants' Expert Witnesses:

Defendant will identify his expert witnesses in a timely manner as set forth in the Provisional Discovery Plan.

Discovery will be needed on the following subjects:  Facts surrounding the incident and facts surrounding the training, supervision, and discipline of Defendants in the areas identified in the Complaint.

Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

Maximum of 8 depositions by Plaintiff(s) and 8 by Defendant(s).

Each deposition (other than of the parties and experts) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by April 19, 2016.

from Defendant(s) by May 19, 2016 .

Supplementation under Rule 26(e) due no later than 30 days after the receipt of information.

All discovery commenced in time to be complete by April 4, 2016, except for expert depositions which shall be completed by June 1, 2016..

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Plaintiff may file a motion for summary judgment regarding the warrantless seizure at issue.

Defendant intends to file a motion to dismiss or motion for summary judgment on its affirmative defenses:

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3-4 days.

____ This is a non-jury case.

_X___ This is a jury case.

The parties request a pretrial conference 45 days before trial.

## SETTLEMENT

The possibility of settlement in this case is considered unknown and may be enhanced by use of the following alternative dispute resolution procedure: early mediation. The parties request a settlement conference shortly after the close of discovery on April 4, 2016.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

1.     **Defendants do not agree to the Plaintiff's witness list, reserve the right to object to the calling of the listed witnesses and may seek a protective order. Specifically Defendants object to any witness who does not have actual relevant information regarding the events of February 21, 2014. Defendants further object to the Plaintiff's calling witnesses who have filed litigation against the defendant in a separate matter and are not**

joined as parties to this litigation.  Defendants further object to the Plaintiff's calling any officer who was not directly involved in this incident.

      2.     Defendants specifically object to the introduction of any exhibits listed under Plaintiff's Exhibit 13, to the extent they relate to incidents and actions not involving the actions of the Defendants on February 21, 2014.

      3.     Defendants reserve the right to object to all evidence and to seek protective orders for all discovery by Plaintiffs.

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

Richard Rosenstock
s/Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 988-5324  Fax:(505) 989-4844
richard.rosenstock@gmail.com

Attorney for Plaintiff


Peter Dwyer
2205 Miguel Chavez Road
Suite A
Santa Fe, New Mexico 87505
505-988-4575
petedwyer@bbpcnm.com

For Defendants