IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GEORGE GALLEGOS,**

    Plaintiff,

v.                                          Case No. 15-CV-00638 RB/KK

**RICHARD TRUJILLO, and JASON GALLEGOS,**
**in their individual capacities, and**
**THE CITY OF ESPANOLA,**

    Defendants.

## DEFENDANTS' MOTION TO BIFURCATE AND MEMORANDUM

**COME NOW** the Defendants Richard Trujillo, Jason Gallegos and the City of Espanola, by and through their attorneys of record Basham & Basham, P.C., and pursuant to Fed. R. Civ. Proc. 42(b), respectfully move this Court to bifurcate the proceedings for Plaintiff's claims against the City of Espanola. Concurrence from Plaintiff's counsel was sought, and he does not concur with this Motion.

## INTRODUCTION

Plaintiff George Gallegos's Complaint [DOC 1] seeks damages for Fourth Amendment violations stemming from an incident on February 21, 2014 involving law enforcement officers from the Espanola Department of Public Safety. The Complaint alleges unreasonable seizure and unreasonable force claims against Defendants Richard Trujillo and Jason Gallegos. *Id.* at p. 7-8. Plus the Complaint alleges a municipal liability claim against Defendant City of Espanola. *Id.* at p. 9-12. As fully set forth below, bifurcation is appropriate in this matter since Plaintiff's underlying constitutional tort claims against the individual Defendants must be tried before the supervisory claims against the municipal Defendant.

1

## RELEVANT COMPLAINT ALLEGATIONS

1. "Defendant City of Espanola ("City") is a municipality within the meaning of the New Mexico Tort Claims Act." [DOC 1, p. 3]

2. "Defendant City is a person within the meaning of 42 U.S.C. § 1983." *Id.*

3. "At all times material hereto, Defendant City was responsible for the operation of the Espanola Police Department ("EPD") and for claims against it. *Id.*

4. "Defendant City of Espanola maintained an unwritten custom or practice of hiring and retaining persons not qualified to be law enforcement officers and then failing to adequately train, supervise and/or discipline its officers." *Id.* at p. 9.

5. "Defendant City of Espanola failed to adequately supervise and/or discipline subordinate officers who were the subject of citizen complaints, tort claim notices and/or lawsuits. Defendants lacked an adequate internal affairs system. For example, as occurred in the case of Plaintiff, Defendant often failed to even conduct any internal investigation after receiving notice of alleged misconduct of its officers." *Id.* at p. 11.

6. "Defendant City of Espanola maintained an unwritten custom and practice that permitted or condoned the unlawful seizure of citizens, including the use of unreasonable and unnecessary force. The maintenance of this custom created an atmosphere where Espanola officers felt they could violate the rights of citizens with impunity. This custom and practice was a direct cause of the injuries suffered by Plaintiff herein." *Id.* at p. 12.

7. "At all times material hereto, Defendant City of Espanola acted with deliberate indifference for the constitutional rights of the citizens of the City of Espanola and Rio Arriba County, including the constitutional rights of Plaintiff. Defendant City of Espanola was also negligent in its training, supervision, and discipline of it subordinate officers, including

Defendants Trujillo and Gallegos and this was a direct cause of the violation of Plaintiff's state law rights." *Id.*

8. "As a direct and proximate result of the acts and omissions of the Defendants described in this Complaint, Plaintiff George Gallegos suffered and continues to suffer significant physical injuries and emotional distress, humiliation, embarrassment, fear and anxiety, which continues to this date, and the violation of his federal constitutional rights. Plaintiff incurred thousands of dollars of medical expenses and continues to incur medical expenses as a result of the acts and omissions of Defendants." *Id.*

## **LEGAL STANDARD FOR FED. R. CIV. P. 42(b)**

Federal Rule of Civil Procedure 42(b) permits trying issues and claims separately "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is appropriate when the "interests [in Rule 42(b)] favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 964 (10th Cir. 1993). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico,* No. 07-199, 2007 WL 5231690, at *2 (D.N.M. Aug. 14, 2007)(citing *Mandeville v. Quinstar Corp.,* 109 F. App'x 191, 194 (10th Cir. 2004)). "We review a district court's decision to bifurcate a trial for abuse of discretion." *United States ex rel. Bahrani v. ConAgra, Inc.,* 624 F.3d 1275, 1283 (10th Cir. 2010).

## **ANALYSIS**

### **Convenience, expediency & economy**

"Courts in this district frequently bifurcate trials when the outcome of the first trial could obviate the need for a second trial." *Cordova v. City of Albuquerque,* No. 11-806, at *8 (D.N.M.

Feb. 22, 2013). "This is especially true in § 1983 cases in which a plaintiff brings claims against both individual defendants and a municipality." *Id.*

> [N]either Monell [] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.

*City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

"In *Monell v. New York City Dep't of Social Services,* … , the Supreme Court held that a municipality cannot be held liable under section 1983 for the actions of its employees under the theory of respondeat superior." *Estate of Smith v. Silvas,* 414 F.Supp.2d 1015, 1018 (D. Colo. 2006)(internal citation omitted). In order to maintain the distinction between direct and vicarious liability, a "direct causal connection" must exist between "the municipal conduct and the constitutional deprivation". *D.T. v. Indep. Sch. Dist. No. 16 of Pawnee County, Okla.,* 894 F.2d 1176, 1188 (10th Cir. 1990).

Our District has typically granted bifurcation motions in police misconduct cases similar to the case at bar. *See, Barr v. City of Albuquerque,* No. 12-CV-1109 at *4 GBW-RHS (D.N.M. Oct. 16, 2014)(bifurcation granted where first part of trial addressed battery and excessive force claims and second part addressed negligent supervision claim.) *See also, Cordova,* No. 11-806 at *4 GBW/ACT (D.N.M. Feb. 22, 2013)(bifurcation allowed where claims against individual defendants were to be tried before municipal/supervisory claims.) *See finally, Gutierrez v. Hackett,* No. 02-0582 at *27 (D.N.M. Sept. 18, 2003)(police dog excessive force claim bifurcated from city police dog policies claim.)

Here the jury must first determine whether the individual Defendants are liable for unlawful detention and excessive force ***before*** the same jury can determine whether the

municipal defendant is liable for supervisory claims. A procedural anomaly presently exists since Plaintiff's municipal claim cannot be proven independently of the individual claims. Bifurcation will avoid this result. If the proceedings were not bifurcated, this matter will have to be tried as a single unit, which will be an unnecessary expenditure of time and money. Likewise, the Court will have to schedule a full trial despite the possibility the trial may become abbreviated in the event the jury finds in favor the individual Defendants on the excessive force claims. As a result, policies promoting judicial economy and efficiency will be served if this case were bifurcated. The Motion to Bifurcate must be granted.

## **Prejudice**

Evidence of other incidents of police misconduct used to show policy or practice is highly prejudicial when determining individual officers' liability. *Foster v. Bernalillo County Bd. of Comm'rs,* No. 10-1075, at *5 (D.N.M. Feb. 10, 2012).

In the case at bar, the distinct possibility exists that Defendants will suffer prejudice if the claims directed towards the individual Defendants and the claim directed against the municipal Defendant were tried as a single unit. As previously stated, the jury must determine whether Defendants Richard Trujillo and Jason Gallegos are individually liable for the underlying constitutional tort. Evidence of prior instances of police misconduct is only probative for Plaintiff's municipal and supervisory claims. The same evidence has no relevance for proving liability for the claims against the individual Defendants. Because the unlawful detention and excessive force claims have different proof requirements than the supervisory claim, prejudice and jury confusion will surely exist if all claims were tried together. A jury cannot exercise its fact-finding function if prior conduct evidence were presented in such a commingled fashion. Hence bifurcation is appropriate in this action.

**CONCLUSION**

In furtherance of judicial efficiency and the potential for prejudice, bifurcation of the unlawful detention and individual excessive force claims from the municipal supervisory claim is proper.

**WHEREFORE**, Defendants Richard Trujillo, Jason Gallegos and the City of Espanola respectfully request that the Court grant their Motion to Bifurcate And Memorandum, and for such other and further relief as the Court deems just.

Respectfully submitted by:

Basham & Basham, P.C.

***/s/ Mark A. Basham***
Mark A. Basham
Peter A. Dwyer
Joseph L. Romero
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
pdwyer@bbpcnm.com
jromero@bbpcnm.com
*Attorneys for Espanola Defendants*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on the 18th day of February, 2016, I filed the foregoing *Defendants' Motion to Bifurcate,* which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 988-5324
Fax:(505) 989-4844
richard.rosenstock@gmail.com
Attorney for Plaintiff

                                         */s/ Mark A. Basham*
                                         Mark A. Basham