IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE GALLEGOS

        Plaintiff,

v.                                                                          Civ. No. 15-00638 RB-KK

RICHARD TRUJILLO and JASON
GALLEGOS, in their individual capacities, and
THE CITY OF ESPANOLA,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO BIFURCATE AND
MEMORANDUM**

**1. Introduction.**

    Plaintiff brings this action pursuant to 42 U.S.C. §1983 and the New Mexico Tort

Claims Act.  Plaintiff alleges that Defendants Trujillo and Gallegos violated his Fourth

Amendment rights when they subjected him to an unreasonable seizure when they

handcuffed him without lawful justification and for continuing detention of him in

handcuffs when they had no evidence he had committed a crime and knew he had no

weapon .[1]   Plaintiff further claims Defendant Trujillo used excessive force during that

seizure.   He claims that Defendants' conduct violated the New Mexico Constitution and

constituted a battery.  Additionally, Plaintiff has brought a federal municipal claim and a

state tort claim against Defendant City of Espanola for its failure to adequately supervise

and discipline Defendant Trujillo despite prior incidents of excessive force it had notice

of, its retention of Defendant Trujillo and its maintenance of an unwritten custom or

practice which permitted or condoned the constitutional violations asserted herein.

    Plaintiff has filed a Motion for Partial Summary Judgment against Defendants

---

[1] Plaintiff was not subjected to a de jure arrest nor was he charged with any offense.

Trujillo and Gallegos on his Fourth Amendment unreasonable seizure claim. ***Doc. 23.***
That motion has been fully briefed and is ripe for decision. The case will not be heard for trial until March 6, 2017.

Defendants' Motion to Bifurcate is not well-taken and should be denied for several reasons. First, the motion is premature because should the Court grant summary judgment to Plaintiff on the unreasonable seizure claim, the alleged purpose for a bifurcated trial would be gone as liability will already have be found against Defendants Trujillo and Gallegos. Secondly, much of the evidence regarding the municipal claim involves the alleged failure to properly supervise and discipline Defendant Trujillo and some of that evidence will be admissible in the case against Defendant. Third, Defendants have not met their burden of showing that the facts of this case require bifurcation and instead have filed a generic motion bereft of facts regarding the particular circumstances of this case that require the requested relief. Plaintiff requests the Court enter its order denying the motion to bifurcate.

## II.  The Applicable Law

Fed.R.Civ.P. 42(b) provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, ... or of any separate issue...." In applying Fed.R.Civ.P. 42(b), trial courts should consider "whether the interests of efficiency and convenience favor bifurcation, whether the issues are clearly separable, and whether bifurcation is fair to both parties." ***Scheufler v. General Host Corp***., 895 F.Supp. 1411, 1414 (D.Kan.1995).

One district court within the Tenth Circuit listed the following factors as relevant

to a determination of whether to hold a separate trial under Fed.R.Civ.P. 42(b):

(i) will separate trials be conducive to expedition of the litigation and economy; (ii) will

separate trials be in furtherance of convenience to the parties and avoid prejudice; (iii) are

the issues sought to be tried separately significantly different; (iv) are the issues triable by

jury or by the court; (v) has discovery been directed to single trial of all issues or separate

trials; (vi) will substantially different witnesses and evidence be required if issues are

tried separately; (vii) will a party opposing severance be significantly prejudiced if it is

granted; (viii) will an unfair advantage be afforded to a party if bifurcation is granted; (ix)

will management of trial, delineation of issues, and clarity of factual questions be

substantially enhanced by bifurcation; and (iv) will bifurcation assist efficient judicial

administration of the case?  *Nelson v. United States*, 2013 WL 6022861, at *1 (D. Colo.

Nov. 13, 2013) (citing to *Martin v. Bell Helicopter Co*., 85 F.R.D. 654, 658 (D.Colo.

1980)); *see also Monaghan v. SZS 33 Associates, L.P*., 827 F.Supp. 233, 246 (S.D.N.Y.

1993) ("[Defendants] have failed to overcome the fundamental presumption which favors

the trial of all issues to a single jury and underlies theassumption of Rule 42(b) that

bifurcation ... is reserved for truly extraordinary situations of undue prejudice") (citing

*Buscemi v. Pepsico, Inc*., 736 F.Supp. 1267, 1271 (S.D.N.Y.1990)).

Defendants bear the burden of proving that the bifurcation of Plaintiff's claims is

warranted under the circumstances, trumping the fundamental presumption which favors

the trial of all issues at one time to a single jury. *See Bianca v. Indep. Sch. Dist. No. 1 of

Tulsa County*., 2012 WL 2327832 (N.D. Okla. June 19, 2012). It is not an insubstantial

burden, as "[g]iven that a court is expected to act to secure the just, speedy, and

inexpensive determination of every action, bifurcation remains the exception and not the

rule." ***Trading Techs. Int'l v. eSpeed, Inc.,*** 431 F.Supp.2d 834, 836-37 (N.D.Ill. 2006) (emphasis added). As delineated in terms of the right to a trial before one factfinder, one jury, [t]here is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice. This limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact. ***McDaniel v. Anheuser-Busch, Inc.,*** 987 F.2d 298, 305 (5th Cir. 1993) (internal citations and quotations omitted).

### III.  The Motion To Bifurcate Is Premature And Should Be Denied At This Time.

Defendants' motion is predicated on their request that a decision on the liability of Defendants Trujillo and Gallegos on Plaintiff's claims should be made before the jury hears evidence on the federal municipal liability and state law negligent supervision claims that contend Defendant City of Espanola's caused the federal and state law violations.  Plaintiff has a motion seeking partial summary judgment against Defendants Trujillo and Gallegos alleging that the seizure of Plaintiff violated his Fourth Amendment rights in two respects pending and ripe for decision.  ***Doc. 23*** (Motion For Partial Summary Judgment) and ***Doc. 35*** (Notice of Completion of Briefing).  Should Plaintiff prevail on his motion, then there will be no basis for a bifurcation motion because liability on the underlying constitutional claim will have been decided and the jury can proceed to determine the federal and state claims against the City of Espanola without the fear that the evidence probative of that claim would effect their decision on the claims underlying the municipal claims.

For this reason, Plaintiff contends that Defendants motion is premature and should be denied at this time.

**IV.  Defendants Have Failed To Meet Their Burden Of Demonstrating That The Circumstances Of This Case Warrant Bifurcation.**

Defendants have filed a generic motion to bifurcate wherein they fail to point to specific witnesses and evidence that would somehow prejudice Defendants Trujillo and Gallegos.  Additionally, while they assert that trying all claims together would be "an unnecessary expenditure of time and money" they do not present any specific evidence that would support finding that this would be the case here.  Rather, the motion simply assumes that because there are claims asserted against the City under federal and state law, the case must be bifurcated, an assumption which falls short of meeting their burden of demonstrating that the specific circumstances of this case warrant bifurcation.

In fact, the main witness Plaintiff anticipates calling on the municipal claim is former Espanola Chief of Police Eric Garcia.  Chief Garcia will be called as a witness to support Plaintiff's claims against Defendants Trujillo and Gallegos regardless of whether the case is bifurcated or not.  Chief Garcia will testify about the fact that Defendants Trujillo and Garcia did not document the fact that Plaintiff was handcuffed or that he was placed in a police car in handcuffs or that he was transported from one location to another in the police unit on February 21, 2014.  He will testify about the circumstances that ultimately resulted in "reports" being submitted -over a month after the incident -when he ordered them done after receiving a letter of complaint about the conduct of Trujillo and Gallegos.  These Defendants have admitted in deposition that Espanola policy requires such information to, at minimum, be called into the dispatcher.  The omission of material information and violation of established procedures raises questions about the credibility

of Defendants' subsequent story. Chief Garcia will be able to testify about the manner in which the seizure of Plaintiff deviated from how officers were trained to act. Former Chief Garcia may also testify about the content of those reports. Thus, Plaintiff's main witness on the claims against the City will also be an important witness about the conduct of Defendants Trujillo and Gallegos in regards to their seizure of Plaintiff.

There will no little or no savings of time or money obtained through bifurcation under the circumstances of this case and, in fact, having to recall Plaintiff, Defendant Trujillo[2], Defendant Gallegos, and Chief Garcia back for a second phase of the trial would increase the time and money involved.

Additionally, a substantial portion of the federal and state claims against Defendant City directly concerns the conduct of these Defendants, particularly Defendant Trujillo, and how the City dealt with it. Doc. 1, at ¶¶38-42.

Defendants seem to believe that the jury may be prejudiced should it learn about the milieu in which Defendants Trujillo and Gallegos were operating in at the time of they seized Plaintiff, an environment that made them feel they could act with impunity. But that concern, unsupported by any specific evidence that would justify such a conclusion, does not meet Defendants burden of showing that the specific circumstances of this case warrant bifurcation.[3]

---

[2] Defendants Trujillo and Gallegos will testify regarding the fact that no internal affairs investigation was conducted after Plaintiff filed a complaint with Defendant City of Espanola, that they were never even interviewed about the allegations in the complaint and that internal affairs investigations were not done when citizens complained of excessive force or unreasonable seizures as had occurred with Trujillo prior to and immediately after this incident.

[3] Moreover, evidence that Defendants Trujillo and Gallegos worked in an environment where they knew unreasonable seizures and the use of excessive force went unchecked and unreported provides support the proposition that it was more likely that Defendants subjected Plaintiff to an unreasonable seizure wherein Defendant Trujillo used excessive force to handcuff Plaintiff without lawful justification than would otherwise be the case because such conduct was condoned if not authorized.

The increased burden to the Court and to the jurors, not to mention to witnesses and other trial participants, caused by bifurcation of this trial warrants close scrutiny as to whether such a measure is absolutely necessary to avoid any potential undue and serious prejudice, confusion of the issues, and inconvenience; or, as Plaintiff posits herein, that bifurcating Plaintiff's claims will actually cause the very ills that Fed.R.Civ.P.42 aims to avoid.

Given the lack of specific evidence proffered by Defendants and the fact that bifurcation may actually increase the time and expense of the trial, Defendants failure to meet their burden of demonstrating the circumstances present herein warrant bifurcation should result in the denial of their motion should the Court not conclude it is premature.

Respectfully Submitted,

s/Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
505-988-5324 Fax: (505-989-4844)
richard.rosenstock@gmail.com

Attorney for Plaintiff

CERTIFICATE OF SERVICE OF RESPONSE TO DEFENDANTS' MOTION TO BIFURCATE

I hereby certify that I caused a copy of this Response to be electronically served on counsel of record at their respective email addresses as registered on CM/ECF on the date of filing hereof.

s/Richard Rosenstock
Richard Rosenstock