IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE GALLEGOS,

    Plaintiff,

v.                                                 Case No. 15-CV-00638 RB/KK

RICHARD TRUJILLO, and JASON GALLEGOS,
in their individual capacities, and
THE CITY OF ESPANOLA,

    Defendants.

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE AND MEMORANDUM

**COME NOW** the Defendants Richard Trujillo, Jason Gallegos and the City of Espanola, by and through their attorneys of record Basham & Basham, P.C., pursuant to Fed. R. Civ. Proc. 42(b), and for their Reply in Support of Defendants' Motion to Bifurcate and Memorandum, state as follows:

Plaintiff argues that "the motion is premature because should the Court grant summary judgment to Plaintiff on the unreasonable seizure claim, the alleged purpose for a bifurcated trial would be gone as liability will already have to be found against Defendants Trujillo and Gallegos." [DOC 39, p. 2].

When making this argument, Plaintiff omitted one critical fact: the pending Motion for Partial Summary Judgment Against the Individual Defendants [DOC 23] will not, if granted, dispose of all the outstanding liability issues averred in Plaintiff's Complaint. The pending motion for partial summary judgment is limited solely to Plaintiff's Fourth Amendment unreasonable seizure claim. *Id.* However, Plaintiff's Complaint averred federal theories of liability sounding in Fourth Amendment unreasonable seizure [DOC 1, pp. 7-8] as well as Fourth

1

Amendment excessive force [DOC 1, p. 8]. With no dispositive motion directed towards the Fourth Amendment excessive force claim, this claim will be tried before a jury. If the Court denies the pending motion for partial summary judgment, then the Fourth Amendment unreasonable seizure claim, too, will go to trial. Either way, the procedural posture of this case requires bifurcation since the jury must first find the individual Defendants liable on their respective claims before the same jury can consider Plaintiff's Municipal Liability Claim [DOC 1, pp. 9-12]. As a result, bifurcation is proper and the instant motion must be granted.

Plaintiff next contends that "much of the evidence regarding the municipal claim involves the alleged failure to properly supervise and discipline Defendant Trujillo and some of that evidence will be admissible in the case against Defendant". [DOC 39, p. 2]

When making this contention, Plaintiff wholly ignores the derivative nature of his municipal liability claim. "In *Monell v. New York City Dep't of Social Services, … ,* the Supreme Court held that a municipality cannot be held liable under section 1983 for the actions of its employees under the theory of respondeat superior." *Estate of Smith v. Silvas,* 414 F.Supp.2d 1015, 1018 (D. Colo. 2006)(internal citation omitted). In order to maintain the distinction between direct and vicarious liability, a "direct causal connection" must exist between "the municipal conduct and the constitutional deprivation". *D.T. v. Indep. Sch. Dist. No. 16 of Pawnee County, Okla.,* 894 F.2d 1176, 1188 (10th Cir. 1990).

Similarly, Plaintiff never addressed Defendants' contention that "the jury must first determine whether the individual Defendants are liable for unlawful detention and excessive force ***before*** the same jury can determine whether the municipal defendant is liable for supervisory claims". [DOC 36, pp. 4-5]

The proof requirements for Plaintiff's Fourth Amendment claims are different from the proof requirements from Plaintiff's Municipal Liability Claim. The former involves testimony and evidence related to the complained-of incident, while the latter involves whether departmental policies and procedures were followed with respect to hiring, training, supervision and discipline. While Plaintiff can claim his main witness will be former Chief Eric Garcia [DOC 39, p.5], any evidence adduced on the municipal liability claim will necessarily involve other officers in the department. Indeed, Plaintiff's Complaint specifically referred to Officers Danny Pacheco and Victor Grossettete. [DOC 1, p. 10] Needless to say, both of these individuals are not parties to this action. If a municipal liability claim is to be heard by the jury, then prior instances of police misconduct would be relevant in proving such a claim. *See, Foster v. Bernalillo County Bd. of Comm'rs,* No. 10-1075, at *5 (D.N.M. Feb. 10, 2012)(evidence of other incidents of police misconduct used to show policy or practice is highly prejudicial when determining individual officers' liability.) As such, bifurcation is needed to avoid any prejudice that would occur if jurors hear prior police misconduct at the same time they are supposed to be deciding individual officer liability. Hence bifurcation is appropriate, and Defendants' motion must be granted.

Plaintiff finally asserts "Defendants have not met their burden of showing that the facts of this case require bifurcation and instead filed a generic motion bereft of facts regarding the particular circumstances of this case that require the requested relief". [DOC 39, p. 2] Plaintiff further clarifies this argument by stating: "Defendants have filed a generic motion to bifurcate wherein they fail to point to specific witnesses and evidence that would somehow prejudice Defendants Trujillo and Gallegos. *Id.* at p. 5.

Defendants have not made a conclusory showing for bifurcation. Defendants' bifurcation motion cited numerous decisions in which bifurcation was routinely granted in police misconduct cases. No case proffered by Plaintiff involved a § 1983 claim against police. In those cases, the critical inquiry is not a factual showing, as Plaintiff suggests, but rather how the complaint allegations indicate the derivative nature of the municipal liability claim. Before a jury can even consider municipal liability, the same jury must first determine whether Plaintiff was in fact unreasonably seized and subjected to excessive force by the individual Defendants. However, no jury deliberation on the municipal claim will occur if a defense verdict is reached on the underlying claims against the individual police officers. As such, bifurcation is appropriate under the facts and circumstances of this case.

**WHEREFORE**, Defendants Richard Trujillo, Jason Gallegos and the City of Espanola respectfully request that the Court grant their Motion to Bifurcate & Memorandum, and for such other and further relief as the Court deems just.

Respectfully submitted by:

Basham & Basham, P.C.

*/s/ Mark A. Basham*

Mark A. Basham
Peter A. Dwyer
Joseph L. Romero
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
pdwyer@bbpcnm.com
jromero@bbpcnm.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 8th day of March, 2016, I filed the foregoing *Reply in Support of Defendants' Motion to Bifurcate and Memorandum,* which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 988-5324
Fax:(505) 989-4844
richard.rosenstock@gmail.com
Attorney for Plaintiff

             */s/ Mark A. Basham*
             Mark A. Basham